The Milwaukee Electric Railway & Light Company, Appellant, vs. Public Service Commission, Respondent.

*January 8—February 4, 1941.*

632

For the appellant there was a brief by *Shaw, Muskat & Paulsen* and *Arthur M. Sells,* attorneys, and *Van B. Wake* of counsel, all of Milwaukee, and oral argument by *Mr. Wake.*

For the respondent there was a brief by the *Attorney General, H. H. Persons* and *H. T. Ferguson,* assistant attorneys general, and *Philip H. Porter,* chief counsel for the Public Service Commission, and oral argument by *Mr. Ferguson.*

WICKHEM, J. The issue upon this appeal is whether plaintiff is entitled to an exemption under sub. (6) of sec. 194.47, Stats., from the taxes provided for in sec. 194.48. The determination of the issue involves the construction of several statutes, the important portions of which will be hereinafter set forth.

Plaintiff is a public-service corporation engaged in the sale and distribution of electrical energy to the public. As a necessary part of its operation it owns, maintains, and operates thirteen trailers for the carriage and transportation of electrical-distribution poles. The gross weight of each of these trailers is in excess of eight thousand pounds. On January 15, 1938, plaintiff sought individual private-motor-carrier permits for these trailers and tendered the sum of $30 for each of the vehicles, at the same time claiming that the operations of the vehicles were exempt from the flat tax prescribed by sec. 194.48, Stats. These trailers were used exclusively for the transportation of poles and the permit for such use was issued on January 27, 1938, but the commission took the position that since the trailers unloaded were not of the size and weight to require special permits under sec. 85.53, they were not exempted by sub. (6) of sec. 194.47.

Sec. 194.47, Stats., prescribes certain exemptions from the taxes provided by secs. 194.48 and 194.49. Sec. 194.48 prescribes a weight tax, and sec. 194.49 a mileage tax on

motor carriers. Several exemptions from these taxes are provided by sec. 194.47, but the only one claimed to be applicable here is sub. (6), which provides:

"Trailers or other similar equipment of such size and weight as to require special permits under section 85.53."

Sec. 85.53, Stats., has for its title heading, "Special permits," and sub. (1) is entitled, "For loads of excessive size and weight." It is provided that wherever it is necessary to transport a single article which cannot reasonably be divided and which exceeds the maximum permissible "load or weight or dimensions or both" this may be done only by obtaining a special trip permit. It is also provided that any person owning a vehicle requiring the use of trailers or other equipment of such size and weight as to require special permit may get an annual permit for the operation of these vehicles, and this permit shall be in lieu of all other permits required under the section. It is also provided that industries owning and operating vehicles and trailers in connection with interplant operations which exceed the maximum permissible dimensions must obtain an annual permit. Sub. (2) authorizes issuance of special permits by the commissioner of public works in cities of the first class, by officers in charge of highway maintenance in other cities, towns, and villages, and by the county highway commissioner in each county. Sub. (3) of this section deals specifically with the transportation of poles, girders, etc. It is provided that the provisions of sub. (2) of sec. 85.45 (prescribing the length of vehicles) shall not apply to any public-service corporation in the transportation of poles and other similar material used in its business, but that such public-service corporation shall obtain from the state highway commission an annual permit for transporting such poles or other materials.

Plaintiff's contention is that "size and weight" in sub. (6) of sec. 194.47, Stats., is to be taken disjunctively, and that so construed it covers all the situations covered by sec. 85.53.

This includes the contention that all permits under sec. 85.53 are special permits as indicated in the heading of the section, and that the reason for requiring such a permit is excessive size or weight or both. The contention is ingenious but we deem it unsound. It is well established that tax-exemption statutes are construed most strongly against the exemption. It is clear to us that the provisions respecting transportation of poles by public-service corporations are not made to depend upon size or weight of the vehicle involved. Sub. (1) of sec. 85.53 deals with the problem of size and weight. It provides trip permits with relation to single articles wherever size or weight or both are excessive, and with special annual permits where the person is engaged in the business of transporting articles with trailers or similar equipment of such size and weight to require special permits. Whether sub. (6) of sec. 194.47 exempts all special permits described in sec. 85.53 (1) or only those engaged in the business of transporting articles with trailers and other equipment of excessive size or weight presents an interesting question but one that we think need not be determined here. Sub. (3) of sec. 85.53 specifically deals with the transportation of poles, girders, etc., by public-service corporations. Its operation is not made to depend upon the size of vehicles used for this purpose nor does it appear to have any relation to the weight of the vehicles used. It is not specifically applicable to trailers and in fact does not have anything to do with the type, size, or weight of vehicles. It is clear to us that sub. (6) relates at most to special permits issued under sub. (1) of sec. 85.53. Whether it must be further restrained to apply only to persons engaged in the business of transporting articles requiring the use of trailers of such size *and* weight as to require special permits need not be decided. Plaintiff's trailers require no special permit by reason of size and weight because well within ordinary size and weight limitations. The permit

is issued by the state highway commission and not by the local or county officers authorized under sec. 85.53 (2) to issue special permits in situations covered by sec. 85.53 (1). We conclude that plaintiff's vehicles are not within the provisions of sec. 194.47 (6).

*By the Court.*——Order affirmed.